UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **PIVOT INNOVATIONS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**SENSYS GATSO GROUP AB,**<br><br>Defendant. | CIVIL ACTION NO. 2:25-cv-01138<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Pivot Innovations, LLC ("Plaintiff" or "Pivot"), by its undersigned counsel, alleges as follows for its Complaint against Defendant Sensys Gatso Group AB ("Defendant" or "Sensys Gatso")

### THE NATURE OF THIS ACTION

1.   Pivot brings this action against Sensys Gatso pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patent 9,552,724 ("the '724 patent") which claims "A method for vehicle traffic flow data acquisition and reporting for onboard vehicle navigation."

### THE PARTIES

2.   Plaintiff, Pivot, is a company organized under the laws of Wyoming with an address at: 1712 Pioneer Avenue, Suite 500, Cheyenne, Wyoming 82001, and is the exclusive owner of all right, title and interest in the '724 patent.

3.   Defendant Sensys Gatso is company organized and existing under the laws of Sweden with a principal place of business at Vasavägen 3c, SE-554 54 Jönköping Box 2174, SE-550 02 Jönköping, Sweden. Sensys Gatso uses, develops, offers to sell, and sells

the accused products throughout the United States. Sensys Gatso manages, collects and distributes data using the claimed method of the asserted '724 Patent.

4. Defendant sells the claimed system, and Defendant and customers of Defendant, use the accused products to practice the claimed methods of the '724 patent throughout the United States.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §271 et seq.

6. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question.

7. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c)(3) because Sensys Gatso is not a resident of the United States and therefore may be sued in any judicial district.

## BACKGROUND AND GENERAL ALLEGATIONS

9. Inventor Mr. Leigh M. Rothschild created a system that performed a method for enhanced situational awareness and traffic monitoring. He filed a patent application in September of 2008 and eventually, after a proper and through examination by the US Patent and Trademark Office, was granted several patents, including the '724 patent.

10. Mr. Rothschild is the founder and CEO of Patent Asset Management, LLC, a leading intellectual property holding company. Mr. Rothschild is one of the most prolific inventors in the United States, and as sole inventor has more than 130 issued patents and hundreds of pending

patents. His first patent for quadrophonic music was conceived when he was 17 years of age and granted shortly thereafter.

11. Mr. Rothschild was Chairman and Chief Executive Officer of IntraCorp Entertainment, Inc., a consumer software company with worldwide product distribution. From October 1998 through February 2004, Mr. Rothschild was also Chairman and founder of BarPoint.com, a NASDAQ publicly traded wireless company that was the leader and early creator of connecting symbology, such as barcodes, to the Internet.

12. Mr. Rothschild is a former presidential appointee to the High-Resolution Board for the United States under former President George H.W. Bush, and has also served as an advisor for former President Ronald Reagan. Mr. Rothschild served Governors on technology boards, served as a special advisor to then Florida Secretary of Commerce John Ellis "Jeb" Bush, and served on the IT Florida Technology Board as an appointee of former Governor John Ellis "Jeb" Bush.

13. Mr. Rothschild chairs the Rothschild Family Foundation, which endows outstanding charities and institutions around the world.

14. Defendant Sensys Gatso provides distribution of the SM300 AI Powered Vessel Vision system ("SM300") which operates using the method claimed in and protected by the '724` patent. The SM300 infringes at least claim 1 of the '724 Patent.

15. On January 24, 2017, United States Patent No. 9,552,724, was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '724 Patent claims patent-eligible subject matter and is valid and enforceable. Plaintiff Pivot is the exclusive owner by assignment of all rights, title, and interest in the '724 Patent, including the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '724 Patent. Defendant is not licensed to the '724 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '724 patent

whatsoever.

16. The '724 Patent is referred to herein as the "Patent-in-suit." The Patent-in-suit is presumed valid under 35 U.S.C. § 282.

17. At all times, Plaintiff has complied with the marking requirements of 35 U.S.C. § 287.

18. A true and correct copy of the '724 Patent is attached hereto as **Exhibit A**.

## THE PATENT

19. The '724 Patent includes Method Claims. The method claims of the '724 patent claim: "A method for vehicle traffic flow data acquisition and reporting for onboard vehicle navigation, the method comprising:."

20. Claim 1 of the '724 Patent recites:

> 1. A method for vehicle traffic flow data acquisition and reporting for onboard vehicle navigation, the method comprising:
> acquiring, at a first location, data of multiple vehicles traveling through
> the first location, wherein said data is acquired from
> a source not traveling in the vehicle;
> individually identifying the multiple vehicles from the first location data;
> acquiring, at a second location, data of said multiple vehicles traveling
> through the second location; and determining an
> elapsed time of travel from said data for the
> individually identified vehicles traveling through
> the two locations;
> computing a rate of travel for each of the individually identified multiple
> vehicles based upon the elapsed time of travel; and,
> broadcasting the rate of travel for at least one of the individually
> identified multiple vehicles to a subscriber for at
> least one of the two locations,
> wherein broadcasting the rate of travel for at least one of the individually
> identified multiple vehicles to the subscriber for at
> least one of the two locations, further comprises
> additionally broadcasting the acquired data to the
> subscriber.

## INFRINGEMENT

21. Defendant makes and provides a Traffic enforcement as a Service (TRaaS) system

which includes Flux, Puls and Xilium platforms for traffic data acquisition and reporting ("Accused Products"). The Flux platform employs fixed, semi-fixed, and mobile LIDAR-based sensors and cameras to monitor vehicles along road segments. In section control mode (Flux Intrak), two camera units positioned at different points measure travel time between them to calculate each vehicle's average speed, while capturing license plate and timestamp data. Further, the collected data is transmitted to the Puls platform, which analyzes it using government-defined algorithms to detect traffic violations. The processed violation data is then forwarded to the Xilium back-office system, which generates fines and enforcement reports. On information and belief, law enforcement officers access this processed data through onboard terminals in patrol vehicles to act on enforcement data in real time.

22. Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '724 patent, by performing the claimed method of traffic flow data acquisition and reporting.

23. Defendant also indirectly infringes the '724 Patent by actively inducing the direct infringement by third parties under 35 U.S.C. §271(b). Defendant has, subsequent to notice, and is currently and knowingly and intentionally actively inducing others to directly infringe at least one claim of the '724 patent by providing hardware, software and systems through which its customers practice the claimed methods. Defendant continues to induce infringement of the '724 patent.

24. Defendant has contributorily infringed and continues to contributorily infringe under 35 U.S.C. §271(c) because, with knowledge of the '724 patent, Defendant supplies a material part of an infringing system, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Defendant contributes to its customers' infringement because, with knowledge of the '724 patent, Defendant supplies the technology that

allows its customers to create and use a system which infringes the patent by performing the method, including allowing Defendant's customers to practice the method claims and/or allows the customers to combine components or software with other software or otherwise combine to create an infringing system.

25. Plaintiff has conducted a detailed analysis, establishing and confirming that Defendant's Accused Products directly and indirectly infringe claims of the '724 Patent.

26. Attached as **Exhibit B** to the Complaint is a claim chart demonstrating an exemplary correspondence of the operation of the accused products with elements of an exemplary claim of the '724 patent. The selected claim charted as an example of infringement and not as a representative claim of the scope of the '724 Patent.

27. Defendant and its customers have continued infringement.

28. Defendant has infringed, and continues to infringe, at least claim 1 of the '724 Patent, under 35 U.S.C. § 271(a)(b) and/or (c), by (a) making, using, distributing offering to sell, selling and/or importing into the United States systems that practice the methods that infringe the asserted claims and by performing the claimed methods, (b) by inducing others to use the Accused Products and to perform the claimed methods, (c) by contributing to the infringement of others by selling components of systems that practice the claimed method and (b & c) by selling a product for performing the patented method. Defendant continues to manufacture, use, offer to sell, sell and import Accused Products which are used to infringe by performing the accused method. Defendant continues to sell Accused Products inducing and contributing to infringement by others and also continues to perform infringing activity by performing the claimed method in the United States.

29. By engaging in accused activity of practicing the infringing method, Defendant continues to infringe claims of the '724 Patent.

30.     Upon information and belief, Defendant has directly infringed one or more of claims of the '724 patent under 35 U.S.C. §271(a):

> "(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

by engaging in accused infringing activity of practicing the method and including making, using, distributing, offering to sell, selling and importing Accused Products which practice the claimed method. Defendant continues to infringe claims of the '724 Patent.

31.     Upon information and belief, Defendant has indirectly infringed one or more of the claims of the '724 Patent under 35 U.S.C. §271(b):

> "(b) Whoever actively induces infringement of a patent shall be liable as an infringer.

by providing Accused Products, with instructions, which are used and/or combined to practice the patented methods according to the instructions and thereby inducing others to use the products in an infringing manner.

32.     Upon information and belief, Defendant has indirectly infringed one or more of the claims of the '724 Patent under 35 U.S.C. §271(c):

> (c) Whoever offers to sell or sells within the United States or imports into the United States . . . or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

by providing Accused Products, and/or other components and supplies, which are combined, such as with other hardware and/or software and/or as an add-on to systems or programs or otherwise combine to form a system used in practicing methods which infringe the claims of the '724 Patent, thus contributing to the infringement of the '724 Patent.

33. Defendant does not have a license or authority to use or practice the '724 patent.

34. Upon information and belief, Defendant has no good faith defense to Plaintiff's infringement allegations.  Defendant is intentionally continuing their knowing infringement.

35. As a result of Defendant's infringement of the '724 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,552,724

36. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

37. Defendant Sensys Gatso has infringed, and continues to directly infringe, at least claim 1 of the '724 Patent, under 35 U.S.C. § 271(a), by practicing one of more of the method claims of the '724 Patent.

38. As a result of Sensys Gatso's infringement of the '724 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT II
## INDUCED INFRINGEMENT OF U.S. PATENT NO.  9,552,724

39. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

40. Upon information and belief, Defendant Sensys Gatso has indirectly infringed one or more of the claims of the '724 patent under 35 U.S.C. §271(b) by providing Accused Products, with instructions, which are used to practice the patented method according to the instructions and thereby inducing others to use the products in an infringing manner.

41. As a result of Sensys Gatso's infringement of the '724 Patent, Plaintiff has suffered

and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT III
## CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO.  9,552,724

42. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

43. Upon information and belief, Defendant Sensys Gatso has indirectly infringed one or more of the claims of the '724 patent under 35 U.S.C. §271(c) by providing Accused Products, and components and supplies, which are used as components of infringing systems which are used to practice methods which infringe the claims of the '724 patent, thus contributing to the infringement of the '724 patent.

44. As a result of Sensys Gatso's infringement of the '724 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

45. As a result of Sensys Gatso's infringement of the '724 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## PRAYER FOR RELIEF

For a Judgment declaring that Sensys Gatso has infringed the '724 Patent.

For a grant of a permanent injunction pursuant to 35 U.S.C. §283, enjoining the Defendant from further acts of infringement;

For a judgment awarding Plaintiff compensatory damages as a result of Defendant's infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the '724 Patent in an amount to be determined at trial;

For a judgment and order awarding a compulsory ongoing royalty;

For a judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

For a judgment awarding Plaintiff prejudgment interest pursuant to 35 U.S.C. §284, and a further award of post judgment interest, pursuant to 28 U.S.C. §1961, continuing until such judgment is paid.

For a judgment awarding Plaintiff enhanced damages under 35 U.S.C. §284; and

For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

Dated: November 19, 2025            Respectfully Submitted,

/s/ *René A. Vazquez*
René A. Vazquez
Virginia Bar No. 41988
**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036
rvazquez@dnlzito.com
(703) 989-2244

Joseph J. Zito
**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036
rvazquez@dnlzito.com
(202) 466-3500

**COUNSEL FOR PLAINTIFF**